UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANTHONY EDENFIELD SR. <br> Plaintiff, <br> v. <br><br> CITY OF NEW ORLEANS <br> Defendant. | ECF CASE  22-CV-5060 <br><br> JURY TRIAL REQUESTED |

**COMPLAINT**

NOW INTO COURT, through undersigned counsel, comes Anthony Edenfield, Sr., who brings this action against the City of New Orleans, through the New Orleans Police Department and respectfully alleges as follows:

**INTRODUCTION**

1. This action is brought pursuant to 42 USC 1983, asserting a violation of the First Amendment of the Constitution of the United States Constitution. Plaintiff, a 20-year veteran police officer for the City of New Orleans, was placed on administrative leave, and then terminated solely as a result of comments made between May 28th and June 4, 2020 on his private Facebook account which took issue with social issues regarding protestors injuring police officers and vandalizing property. As a result of these

Facebook posts, the Plaintiff was initially terminated on December 4, 2020, and after a civil service appeal he was suspended for 80 days on February 16, 2022. Plaintiff served the suspension and the City appealed to the Fourth Circuit who reversed the suspension and sustained the termination on October 10, 2022. Plaintiff is currently appealing the termination to the Louisiana Supreme Court.

2. Plaintiff also brings an action under 42 U.S.C. C. §2000e *et seq*. ("Title VII") asserting race discrimination and seeks all allowable damages for disparate treatment and/or disparate impact.

## JURISDICTION, VENUE & EXHAUSTING ADMINISTRATIVE REMEDIES

3. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332 in that the case involves a federal question under the First Amendment to the United States Constitution and Title VII.

4. Venue is proper under 28 U.S.C. §1391(b)(2) as a substantial part of the events giving rise to the claims occurred in this District and all parties are residents of the Eastern District of Louisiana.

5. Plaintiff has complied fully with all prerequisites and the jurisdiction of this court under Title VII, filed an EEOC Charge and has received a right to sue letter[1].

---

[1] Exhibit A- Right to Sue Letter and EEOC Charge

## THE PARTIES

6. Plaintiff, Anthony Edenfield, Sr., ("Edenfield") is a person of the full age of majority and a resident of the State of Louisiana who filed a race discrimination charge with the U.S. Equal Employment Opportunity Commission against the City of New Orleans and received a Right to Sue letter.

7. City of New Orleans ("City"), is a municipality located in New Orleans, Louisiana and employs Plaintiff as a Sergeant Anthony Edenfield, Sr.

## STATEMENT OF FACTS

8. Plaintiff was hired as an officer on August 6, 2000 and moved up to a Sergeant on February 12, 2012. During his twenty years at NOPD, he was never subject to a complaint until now.

9. For years, Edenfield maintained a private Facebook page on which he occasionally posted comments or articles of interest to him, some personal and some political. The Facebook page did not identify him as a New Orleans Police Officer.

10. Some of Edenfield's posts promoted equality for all and he would share pictures with the phrase "There is Only One Race" in support of his views on equality. These posts did not identify Edenfield as a New Orleans Police Officer.

11. On May 25, 2020 George Floyd was murdered[2] which resulted in the rise of protests across the nation and the world on the topics of police brutality and racism.[3]

---

2 McGreal, Chris (April 20, 2021). "Derek Chauvin found guilty of George Floyd's murder". *The Guardian*. Retrieved April 20, 2021.
3 Silverstein, Jason (June 4, 2021). "The global impact of George Floyd: How Black Lives Matter protests shaped movements around the world". *CBS News*. Retrieved June 4, 2021.

12. Although Plaintiff fully supported ending racism and preventing police brutality, he strongly believed that protestors should not be vandalizing stores, houses or injuring police officers or other people during protests.

13. At the time these protests were occurring, his daughter was in fear of her father being injured or killed during a protest by the protestors..

14. Plaintiff made eight posts from May 28, 2020 through June 4, 2020 while off duty and as a private citizen criticizing various protestors who were actively breaking the law. No reference was made to a specific race or gender group.

15. The City opened an investigation on June 4, 2020 against Edenfield for violation of the social media policy. Although at the Captain's meeting a recommendation of a 5 day suspension was made, in a turn of events, Plaintiff was terminated by Superintendent Shawn Fergusoun because Deputy Chief Arlinda Westbrook went against the Captains' recommendations and authored a "cover letter" recommending immediate termination. Plaintiff was terminated on December 4, 2020.

16. Plaintiff was a permanent civil service employee and filed a civil service appeal. The termination was reversed to a 80 day suspension on January 4, 2022. The City then filed an appeal to the Fourth Circuit to reverse the civil service findings and reinstate termination. The Fourth Circuit reversed the suspension and maintained the termination in October, 2022. Plaintiff is now on appeal to the Louisiana Supreme Court.

17. Plaintiff is a White male Sergeant who was terminated as a result of the facebook comments.

18. Other non-White Sergeants and non-White officers who faced the same violation of the social media policy were treated differently, meaning that they were not terminated for making comments, they were suspended or given disciplinary action less than termination.

19. Other non-White Sergeants and non-White officers who faced more egregious violations, such as sexual harassment, were not terminated even when those violations were found sustained by the City.

FIRST CAUSE OF ACTION
FREEDOM OF SPEECH- FIRST AMENDMENT

20. Plaintiff repeats every allegation in the preceding allegations as if set forth in this cause of action.

21. The actions of the Defendant in punishing the Plaintiff solely because, as a private citizen, he expressed his opinion on a matter of public concern, violates his free speech rights under the First Amendment to the United States Constitution. This claim is asserted pursuant to 42 U.S.C. §1983.

22. As a direct result of Defendants' violation of Plaintiff's free speech rights under the First Amendment, Plaintiff has suffered irreparable harm, including his suspension and loss of his constitutional rights, entitling him to declaratory and injunctive relief as well as monetary damages.

## SECOND CAUSE OF ACTION
## RACE DISCRIMINATION UNDER TITLE VII

23. Plaintiff repeats every allegation in the preceding allegations as if set forth in this cause of action.

24. Edenfield, as a White individual, belongs to a protected class under Title VII.

25. Defendant discriminated against Edenfield because of his race.

26. Defendant, through the actions of Deputy Chief Arlinda Westbrook and under a theory of Cat's paw[4], influenced the termination of the Defendant even though other Non-White Sergeants and Non-White police officers whose investigations were supervised by Arlinda Westbrook and were charged with the same allegations or more egregious violations were not terminated by Arlinda Westbrook. This discriminatory conduct intentional and in violation of Title VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Anthony Edenfield, Sr. respectfully requests this Court grant the following relief:

a. Rescission of all penalties including the suspension, termination, and placement on administrative leave;

b. Back pay, front pay, lost benefits, and other damages for lost compensation Plaintiff suffered to be determined at trial;

d. An award of emotional distress and punitive damages for willful conduct;

---

[4] *Zamora v. City of Houston*, 798 F.3d 326 (5th Cir. 2015)

e.  An award of prejudgment and post-judgment interest;

f.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees allowable under 42 USC § 1988; and

g.  Such other and further relief as this Court deems just and proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Anthony Edenfield demands a trial by jury on all questions of fact the Complaint raises.

Dated:   December 6, 2022

                                Respectfully Submitted,
                                VASQUEZ LAW OFFICE

                                /s/Jessica Vasquez
                                Jessica Vasquez (La #27124)
                                400 Poydras Street, Ste. 900
                                New Orleans, LA 70130
                                Tel: 504.571.9582
                                Fax: 504.684.1449
                                jvasquez@vasquezlawoffice.com
                                Attorney for Anthony Edenfield, Sr.

                                -and-

LAW OFFICE OF JANA LINDNER
McCAFFERY, L.L.C.

<u>/s/Jana L. McCaffery</u>
Jana Lindner McCaffery (La #26162)
3045 Ridgelake Drive, Ste. 101
Metairie, LA 70002
Tel: 504.837-1234
Fax: 855.526-2622
janamccaffery@gmail.com
Attorney for Anthony Edenfield, Sr.



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New Orleans Field Office
500 Poydras Street, Suite 809
New Orleans, LA 70130
(504) 635-2531
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/12/2022

To: Mr. Anthony C. Edenfield Sr.

Charge No: 461-2021-00963

EEOC Representative and email:    Wayne Morgan
Federal Investigator
wayne.morgan@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 461-2021-00963.

On behalf of the Commission,

Digitally Signed By: Rayford O. Irvin
09/12/2022

Rayford O. Irvin
District Director

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 461-2021-00963 |

**LOUISIANA COMMISSION ON HUMAN RIGHTS** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| **MR. ANTHONY C EDENFIELD** | (504) ████ | ████ |

Street Address: [redacted]
City, State and ZIP Code: [redacted]

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **NEW ORLEANS POLICE DEPARTMENT** | 501+ | (504) 821-2222 |

Street Address: **715 SOUTH BROAD ST, NEW ORLEANS, LA 70119**

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address: 

**DISCRIMINATION BASED ON** (Check appropriate box(es).)

☒ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 12-04-2020   Latest: 12-04-2020
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

I began my employment with the New Orleans Police Department on or about August 15, 2000, most recently as a Detective Sergeant earning approximately $60,000.00 per year. In June of 2020 a complaint was made against me and I was investigated by the Public Integrity Bureau for violating an administrative policy for social media. At a hearing on or about October 26, 2020 the recommended discipline was a 5-day suspension. A couple of years prior to my incident an African American Officer Lt. Jimmy Turner was found to have committed 2 counts of racial discrimination among other violations and was given about a 10-15-day suspension. I was subjected to different terms and condition than a black officer. I am a white Sergeant who made, what was perceived as racial comments on Facebook while Lt Turner who was African American and committed racial discrimination against another Caucasian Sergeant was only given a small suspension. I was discharged on December 4, 2020. The company employs over 500 persons.

According to the company, I was discharged violating rule 3 paragraph 13 relative to social

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Anthony Edenfield on 03-14-2021 08:15 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>461-2021-00963 |
|---|---|---|

LOUISIANA COMMISSION ON HUMAN RIGHTS and EEOC
*State or local Agency, if any*

media posts. They claim that approximately 8 of my Facebook posts caused harm to the department or portrayed the department in a bad light.

I believe I have been discriminated against because of my race (White) in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Anthony Edenfield on 03-14-2021 08:15 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>*(month, day, year)* |