UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ANTHONY EDENFIELD SR.,** | * | **CIVIL ACTION** |
| **Plaintiff** | * | **NUMBER: 22-cv-5060** |
| | * | |
| | * | |
| **VERSUS** | * | |
| | * | |
| | * | **MAGISTRATE "1"** |
| **THE CITY OF NEW ORLEANS** | * | **JUDGE VAN MEERVELD** |
| **Defendant** | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## ANSWER AND AFFIRMATIVE DEFENSES

**NOW INTO COURT,** through undersigned counsel, comes Defendant, the City of New Orleans ("the City"), who respectfully submits the following Answer and Affirmative Defenses in response to the First Supplemental and Amended Complaint filed by Plaintiff Anthony Edenfield in the above-captioned matter. R. Doc. 13:

## ANSWER

### I.

Plaintiff withdrew his disparate impact claim. R. Doc. 9, p. 8. This Court subsequently granted the City's Motion to Dismiss, finding that Plaintiff's First Amendment retaliation claim was untimely. R. Doc. 21. As such, the City submits the following Answer and Affirmative defenses to address Plaintiff's remaining disparate treatment claim. Out of an abundance of caution, the allegations in Plaintiff's Original Complaint are denied for lack of sufficient information to establish a belief therein.

### II.

The City admits Arlinda Westbrook was the former Deputy Chief for the Public Integrity

1

Bureau. The remaining allegations of Paragraph 27 are denied for lack of sufficient information to establish a belief therein.

### III.

The allegations of Paragraph 28 are denied for lack of sufficient information to establish a belief therein.

### IV.

The allegations of Paragraph 29 are denied.

### V.

The allegations of Paragraph 30 are denied for lack of sufficient information to establish belief therein.

### VI.

The allegations of Paragraph 31 are denied for lack of sufficient information to establish belief therein.

### VII.

The allegations of Paragraph 32 are denied for lack of sufficient information to establish a belief therein.

### VIII.

The City admits Plaintiff was disciplined for the eight social media posts and comments

listed in *Edenfield v. Department of Police*, CS No. 9232.[1] All other allegations of Paragraph 33 are denied for lack of sufficient information to establish a belief therein.

**IX.**

The allegations in Paragraph 34 are denied for lack of sufficient information to establish belief therein.

**X.**

The allegations on Paragraph 35 are denied.

**DEFENDANT ASSERTS THE FOLLOWING AFFIRMATIVE DEFENSES:**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.
2. Plaintiff is unable to establish a *prima facie* case of race discrimination under Title VII.
3. The City's actions were based on legitimate, non-discriminatory business reasons, which Plaintiff cannot show are a pretext for discrimination.
4. Plaintiff cannot establish that the City treated Plaintiff different than a similarly situated employee.
5. Plaintiff's damages, if any, are limited by statute.
6. Plaintiff failed to mitigate his alleged damages.
7. Plaintiff was not subjected to discrimination because of his status in a protected group or class.
8. There is no causal nexus between Plaintiff's protected activity and any adverse employment action.

---

[1] https://nola.gov/getattachment/ac724ada-c436-4b33-9657-570b3ebb5b4e/Anthony-Edenfield-vs-NOPD-9232/.

9. Further in the alternative, the City avers that if Plaintiff suffered any injuries, as alleged, which is denied, said injuries were contributed to by his own fault, negligence, and/or the fault and/or negligence of third parties, which fault should act as a complete bar, or in the alternative, as a mitigating factor with respect to any recovery by Plaintiff of the damages herein.

The City reserves the right to raise additional defenses that become apparent through the factual development of this case.

**WHEREFORE**, Defendant City of New Orleans prays that, after due proceedings are had, judgment be rendered in its favor, dismissing Plaintiff's First Supplemental and Amended Complaint and awarding Defendant all costs and attorney's fees available under the law. Defendant further prays for all other equitable relief appropriate and afforded under the law.

Respectfully submitted,

_/s/ Dashia Myles_
**DASHIA MYLES, LSB # 38845**
ASSISTANT CITY ATTORNEY
DASHIA.MYLES@NOLA.GOV
**RENEE GOUDEAU, LSB # 33157**
DEPUTY CITY ATTORNEY
REGOUDEAU@NOLA.GOV
**CORWIN ST. RAYMOND, LSB # 31330**
CHIEF DEPUTY CITY ATTORNEY
CMSTRAYMOND@NOLA.GOV
**DONESIA TURNER, LSB # 23338**
CITY ATTORNEY
DONESIA.TURNER@NOLA.GOV
1300 PERDIDO STREET
CITY HALL - ROOM 5E03
NEW ORLEANS, LOUISIANA 70112
TELEPHONE:  (504) 658-9800
FACSIMILE:   (504) 658-9868
*Counsel for the City of New Orleans*